# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

The Cellular Telephone Assigned Call Number
614-732-7273

Case No. 2:18-mj-357

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the ___Southern___ District of ___Ohio___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Distribution of narcotics |
| 21 U.S.C. § 843(b) | Use of a telephone facility to facilitate the commission of a felony |
| 21 U.S.C. § 846 | Conspiracy to distribute and possess with intent to distribute narcotics |

The application is based on these facts:
See attached Affidavit.

- ☑ Continued on the attached sheet.
- ☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Peter Kane, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___04/25/2018___

_____
*Judge's signature*

City and state: Columbus, Ohio

Hon. Elizabeth A. Preston Deavers, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN THE MATTER OF THE SEARCH OF:

THE CELLULAR TELEPHONE
ASSIGNED CALL NUMBER
614-732-7273

Case No. 2:18-mj-357

Filed Under Seal

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Peter Kane, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **614-732-7273** (the "Target Cell Phone"), whose service provider is **Sprint**, a wireless telephone service provider headquartered at 6480 Sprint Parkway, Overland Park, KS 66251. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.  I am a Special Agent with the Drug Enforcement Administration (DEA) assigned to the Detroit Field Division, Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18 United States Code, Section 2516(1). I have been employed with the DEA since May 2017. During this time, I have participated in numerous investigations involving narcotics trafficking. I have received

1

specialized training in the subject of narcotics trafficking from the DEA, as well as other agencies, and have been personally involved in investigations concerning the possession, manufacture, transportation, distribution and importation of controlled substances, as well as methods used to finance drug transactions.

3.  I am familiar with the ways in which narcotic traffickers conduct their business, including methods of distributing narcotics, the use of home-based telephones and the use of cellular telephones to facilitate their illegal activities, which includes text messaging and/or voice messaging.

4.  The facts in this affidavit come from my personal observations, training and experience, and information obtained from other law enforcement agencies, officers, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.  Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1) (distribution of narcotics), 21 U.S.C. § 846 (conspiracy to distribute and possess with intent to distribute narcotics), and 21 U.S.C. § 843(b) (use of a telephone facility to facilitate the commission of a felony), have been committed, are being committed, and will be committed by Michael YATES and persons known and unknown. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

## PROBABLE CAUSE

1.  Federal law-enforcement agencies, including the DEA and Internal Revenue Service—Criminal Investigation Division, have been conducting an investigation of the Diallo HILL Drug Trafficking Organization (DTO) located in the Columbus, Ohio, area.

2

2. In January of 2018, your Affiant received information from another federal law-enforcement officer regarding the Diallo HILL DTO. The officer was, within the past five years, part of the Franklin Country Sheriff's Office Special Investigations Unit for approximately three years. During this time, the officer worked on a drug-related case involving Michael YATES, who is a suspected member and drug trafficker for the Diallo HILL DTO. Law-enforcement databases and physical surveillance confirmed Michael YATES is a black male, approximately 6'3" in height, and approximately 235 pounds.

3. YATES has at least one prior state drug conviction. On November 1, 2016, John Dillon, a K-9 officer for the Franklin County Sheriff's Office, was conducting training with the K-9 at Uncle Bob's Self Storage, which is currently Life Storage at 5810 Cleveland Ave, Columbus Ohio. The K-9 had a reaction to storage unit number 52. The storage unit was in the name of Michael YATES. State law enforcement then executed a search warrant on the storage unit, and the unit was found to contain approximately 38 pounds of marijuana. On January 16, 2018, Michael YATES pled guilty to attempted trafficking in marijuana on state of Ohio charges. Also on January 16, 2018, YATES was sentenced to 12 months basic supervision.

4. The current investigation of the Diallo HILL DTO has, since YATES' state conviction, implicated YATES, among others.

5. By way of example, based on surveillance conducted since the date of the above state conviction, Michael YATES currently rents a storage unit at Life Storage at 5810 Cleveland Ave, Columbus, Ohio, unit number 54. YATES was observed though surveillance at Life Storage at 5810 Cleveland Ave, Columbus, Ohio, on March 05, 2018. And a records check at Life Storage since the date of YATES' sentencing confirmed YATES still rents one of the storage units at 5810 Cleveland Ave.

6. By way of additional example, since the date of YATES' state conviction, your Affiant received subscriber information from an administrative subpoena served on Sprint stating that Michael YATES is the subscriber for the telephone number 614-732-7273, a number believed to be involved indirectly/directly in distributing cocaine and marijuana in Columbus, Ohio and throughout the state of Ohio. Moreover, your Affiant has also received administrative subpoenas for subscriber information of Jaylne COLES, Leroy ROBINSON, and Jerome HARGROVE, other suspected members of the Diallo Hill DTO. Sprint subscriber information reflects COLES was the subscriber to the telephone number 614-589-9183, and Leroy ROBINSON was the subscriber to telephone number 614-929-1700. Based on information from TOLLS, a law-enforcement search database with lawfully received cellular phone information, YATES has been in contact with COLES 28 times from 2/21/18 through 3/16/18, and with ROBINSON 47 times from 2/21/18 through 3/16/18. YATES has made approximately 1,244 calls from 2/21/2018

through 3/16/2018.

7. Beyond YATES, HILL, COLES and ROBINSON have prior narcotics-related charges in their criminal histories. In addition to YATES and HILL, COLES and ROBINSON are suspected participants in the Diallo HILL DTO.

8. In addition, on February 2, 2018, a DEA Task Force Officer assigned to this case received the following Ohio tax information on **Michael YATES.**

    -For the taxable year 2012, YATES filed no Ohio tax return.
    -For the taxable year 2013, YATES filed no Ohio tax return.
    -For the taxable year 2014, YATES filed no Ohio tax return.
    -For the taxable year 2015, YATES filed no Ohio tax return.
    -For the taxable year 2016, YATES filed no Ohio tax return.

9. Despite filing no Ohio tax return since at least 2011, YATES has a number of cars. On March 05, 2018, federal agents observed Michael YATES leave 6491 Ash Rock Circle, Westerville, Ohio, driving a white GMC Denali bearing OH license plate GZG6186. YATES also has been observed by Agents driving a silver Dodge Magnum, bearing OH license plate ECF 3508. An Ohio Law Enforcement Gateway check shows that YATES has these, as well as the other vehicles in paragraph 12 below, listed in his name.

10. Despite filing no Ohio tax return since at least 2011, according to a records search YATES applied for and received an automobile loan in 2013; YATES stated on the loan application for ALLY Bank that he had an income of $60,000 per year for the year of 2013.

11. Despite filing no Ohio tax returns since at least 2011, federal agents were able to identify, through Secretary of State record checks conducted since YATES' above-mentioned state conviction, YATES as the owner of the 161 Kings Barber Shop located at 1937 E. Dublin Granville Road, Columbus, OH, under the trade name 161 Kings LLC. During recently conducted surveillance at the 161 Kings Barber Shop, federal agents observed YATES coming and going from the business, as well as loading items into his vehicle at the rear of the business.

12. Moreover, on March 13, 2018, DEA Agents witnessed Michael YATES leave 6491 Ash Rock Circle, Columbus, OH in a 2016 white GMC Denali, bearing OH license plate GZG6186. Agents then observed YATES drive the white GMC Denali, bearing OH license plate GZG6186, and park the vehicle at 161 Kings Barber Shop. Agents verified though Law Enforcement systems that YATES is the owner of the 2016 white GMC Denali bearing OH license plate GZG6186, a 2012 yellow Dodge Charger bearing OH License Plate "161KINGS," and a 2006 silver Dodge Magnum bearing OH license plate ECF3508. Within the last 60 days, agents have witnessed YATES driving both the white GMC Denali and silver Dodge Magnum.

4

13. Surveillance has been able to provide little information to assist in capturing the magnitude and scope of the suspected narcotics distribution from YATES and his associated drug trafficking organization. For the past few years HILL, YATES, COLES, ROBINSON, and several others believed to be in contact with them have a history of illegal narcotics involvement and have been linked to other narcotics investigations. Due to the fact that YATES has four cars registered to his name, the scope of the investigation has been limited to spot residence checks and limited surveillance opportunities. These investigative techniques have therefore not been helpful in identifying additional details regarding YATES' whereabouts and who he is meeting with as to the above-mentioned suspected illegal activity.

14. In my training and experience, I have learned that **Sprint** is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

15. Based on my training and experience, I know that **Sprint** can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on **Sprint** network or with such other reference points as may be reasonably available. In addition, based on my training and experience, I know that **Sprint** can collect cell-site data about the Target Cell Phone.

## AUTHORIZATION REQUEST

13. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

14. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until

5

30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

15. I further request that the Court direct **Sprint** to disclose to the government any information described in Attachment B that is within the possession, custody, or control of **Sprint**. I also request that the Court direct **Sprint** to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with **Sprint's** services, including by initiating a signal to determine the location of the Target Cell Phone on **Sprint's** network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate **Sprint** for reasonable expenses incurred in furnishing such facilities or assistance.

16. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

17. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Peter Kane
Special Agent
Drug Enforcement Administration


Subscribed and sworn to before me on April 25, 2018.

_____
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## Property to Be Searched

1. The cellular telephone assigned call number 614-732-7273 (the "Target Cell Phone"), whose wireless service provider is **Sprint**, a company headquartered at 6480 Sprint Parkway, Overland Park, KS 66251.

2. Information about the location of the Target Cell Phone that is within the possession, custody, or control of **Sprint,** including information about the location of the cellular telephone if it is subsequently assigned a different call number.

# ATTACHMENT B

## Particular Things to be Seized

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **Sprint, Sprint** is required to disclose the Location Information to the government. In addition, **Sprint** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **Sprint's** services, including by initiating a signal to determine the location of the Target Cell Phone on **Sprint's** network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **Sprint** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).